# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

RED CLAY CONSOLIDATED SCHOOL : 
DISTRICT :
:
:
:
        Plaintiff, :
:
v. : Civ. No. 10-00784-LPS
:
T.S. and R.S., :
as parents of J.S. :
:
        Defendants. :

James J. Sullivan, Jr., BUCHANAN INGERSOLL & ROONEY P.C., Wilmington, DE,

    Attorney for Plaintiff.

Neil R. Lapinski, ELLIOTT GREENLEAF, Wilmington, DE,

    Attorney for Defendants.

## MEMORANDUM OPINION

Date: September 27, 2011
Wilmington, Delaware

[signature] 

**STARK, U.S. District Judge:**

Plaintiff Red Clay School District ("Plaintiff" or the "District") filed this action pursuant to 20 U.S.C. § 1415(i)(C), seeking judicial review of a decision rendered by an administrative panel at a due process hearing. (D.I. 2) Presently pending before the Court is a motion for leave to file sealed first amended answer with counterclaim filed by Defendants T.S. and R.S., parents of J.S. ("Defendants"). (D.I. 16) For the reasons discussed below, the Court will deny the motion.

## I. BACKGROUND

On December 22, 2009, Defendants filed a due process complaint against Plaintiff alleging that their minor son's educational needs were not being met in the public school system and requesting that he be placed in Our Lady of Confidence School at public expense. (D.I. 2 at ¶ 34) Subsequently, a due process hearing was held before a three-member administrative panel. (*Id.* at ¶ 35-36) At this hearing, the panel considered the following issues: (1) whether the District failed to provide an appropriate individualized educational plan ("IEP") for 6th and 7th grades for J.S.; (2) whether the District failed to implement J.S.'s IEP; and (3) whether the District failed to provide meaningful educational benefits to J.S. (D.I. 2 Ex. A at 2) On July 12, 2010, the panel issued a 2-1 split decision. (D.I. 2 at ¶ 35-36) The panel held that the District failed to provide J.S. with a "cohesive educational plan during his 6th and 7th grade years." (*Id.*) Further, the panel awarded compensatory education in the form of a reading specialist. (*Id.*) However, the panel denied Defendants' requested placement. (*Id.*)

On September 15, 2010, Plaintiff filed this action pursuant to 20 U.S.C. § 1415(i)(C) seeking judicial review of the panel's decision. (D.I. 2) Defendants filed an answer and

1

counterclaim on October 8, 2010. (D.I. 7) Thereafter, on February 1, 2011 – the deadline for amendment of the pleadings contained in the Court's Scheduling Order (D.I. 17 at ¶ 2) – Defendants filed the instant motion (D.I. 16). Defendants seek to raise new counterclaims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* and § 504 of the Rehabilitation Act, 29 U.S.C. § 794. (D.I. 16 Ex. 2 at 12-13) Additionally, Defendants seek to raise a common law claim for fraud. (*Id.* at 14) Plaintiff opposes the motion. (D.I. 19) The parties completed briefing on the motion on February 22, 2011. (D.I. 22)

## II. LEGAL STANDARDS

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or "advances a claim or defense that is legally insufficient on its face." *Koken v. GPC Int'l, Inc.*, 443 F. Supp. 2d 631, 634 (D. Del. 2006). Delay alone is an insufficient reason to deny leave to amend, but there is grounds to deny amendment if the delay is coupled with either an

2

unwarranted burden on the court or undue prejudice to the non-moving party (as a result of the amendment). *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

"[P]rejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (internal quotation marks omitted). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial;" (2) "significantly delay the resolution of the dispute;" or (3) "prevent [a party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *see also Cureton*, 252 F.3d at 273 (explaining that party may suffer undue prejudice if proposed amendment causes surprise or results in additional discovery, additional costs, or additional preparation to defend against new facts or theories alleged). "Thus, while bearing in mind the liberal pleading philosophy of the federal rules," it is also true that "substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend." *Cureton*, 252 F.3d at 273.

### III. DISCUSSION

#### A. Futility

Plaintiff asserts that Defendants' proposed amendments are futile because Defendants failed to exhaust the administrative procedures available under the IDEA before bringing their proposed new claims. (D.I. 19 at 4) Defendants respond that they properly exhausted all administrative reemedies in accordance with the IDEA. (D.I. 21 at 3) Specifically, Defendants point to § 1415(i)(2) of the IDEA, which permits the Court to "hear additional evidence at the request of a party;" in Defendants' view, they are not asking the Court to hear new claims, but

3

rather are simply presenting additional evidence related to claims previously raised at the due process hearing. (*Id.*)

Under the IDEA, a parent can challenge "any matter relating to the identification, evaluation, or educational placement of a child, or the provision of a free appropriate public education [("FAPE")] to such child." 20 U.S.C. § 1415(b)(6). However, before an IDEA challenge can be brought in court, the party asserting the challenge must first exhaust all administrative remedies. *See R.R. v. Manheim Twp. Sch. Dist.*, 2011 WL 465339, at *3 (3d Cir. Feb. 10, 2011) ("[T]o the extent that any claim seeks relief that is 'available' under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought."); *Woodruff v. Hamilton Twp. Pub. Schs.*, 305 Fed. Appx. 833, 837 (3d Cir. 2009) ("[T]he IDEA ordinarily requires that a party exhaust administrative remedies."). IDEA's exhaustion requirement explicitly applies to claims under federal statutes, including § 504 of the Rehabilitation Act. *See* 20 U.S.C. § 1415(l); *R.R.*, 2011 WL 465339, at *4 (requiring that claims brought under Rehabilitation Act "be submitted in the first instance to the administrative tribunal when the relief sought is essentially the same as that available under the IDEA"). IDEA's exhaustion requirement also applies to a broad spectrum of ancillary claims relating to a child's FAPE. *See Sch. Bd. of Lee Cty., Fla. v. M.M. ex rel. M.M.*, Fed. Appx. 504, 511 (11th Cir. 2009) (requiring exhaustion of claim alleging breach of settlement agreement resulting from IDEA due process hearing because it "relate[s] to" child's FAPE).

Beginning with paragraph 73 of their proposed amended answer and counterclaim ("Counterclaim"), Defendants make allegations relating to J.S.'s 8th grade IEP and post-hearing placement of J.S. at Our Lady of Confidence. Count One and Count Two of the Counterclaim

4

allege violation of IDEA and § 504 of the Rehabilitation Act. (D.I. 16 Ex. 1 at 12-14) These allegations, which center around J.S.'s post-hearing IEP, must be exhausted administratively and cannot be raised before this Court in the first instance.

Defendants do not dispute that they failed to raise these exact issues at the hearing. Indeed, "[a]s a matter of chronology, a state administrative complaint could not seek relief for a due process violation that had not yet occurred." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 72 n.13 (3d Cir. 2009). The Court finds that Defendants are not simply seeking to have the Court examine additional evidence, but instead are attempting to assert claims that were not raised at the administrative hearing. Thus, Count One and Count Two of the Counterclaim are futile because Defendants failed to exhaust their administrative remedies relating to these claims.

Further, the Court finds Defendants' argument that the Court should waive the exhaustion requirement is unpersuasive. Defendants assert that where a factual record was developed below, the purpose of the procedural requirements has been fulfilled. (D.I. 21 at 7) However, in this case there has been no factual record developed with regard to the claims Defendants now attempt to raise because the issue of J.S.'s 8th grade IEP was not presented before the administrative hearing panel below. (*See* D.I. 2 Ex. A at 2) Thus, the Court will not waive the exhaustion requirements with respect to Count One and Count Two of the Counterclaim.

Count Three of the Counterclaim asserts a claim for common law fraud under Delaware law. (D.I. 16 Ex. 1 at 14) In addition to seeking remedies available under IDEA, Defendants also seek monetary damages for their fraud claim. (D.I. 21 at 5) Monetary damages are not available as a remedy at an IDEA administrative hearing. *See Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 186 (holding "compensatory and punitive

5

damages are not an available remedy under the IDEA"); *D.E. v. Cent. Dauphin Sch. Dist.*, 2009 WL 904960, at *4 (M.D. Pa. 2009) (same). Thus, exhaustion of administrative remedies is not required for the fraud claim. *See W.B. v. Matula,* 67 F.3d 484, 496 (3d Cir. 1995), *abrogated on other grounds by A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 806 (3d Cir. 2007) ("[W]here the relief sought in a civil action is *not* available in an IDEA administrative proceeding, recourse to such proceedings would be futile and exhaustion is excused.") (emphasis in original); *see also Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 870 (3d Cir. 1990) (determining exhaustion not required where relief sought was not available in IDEA administrative proceeding).

Although exhaustion of administrative remedies is not required for Count Three, Plaintiff asserts that this Count is nonetheless futile because Defendants fail to state a claim upon which relief can be granted. (D.I. 19 at 7) In order to plead a claim for common law fraud under Delaware law, Defendant must plead facts supporting an inference that: (1) the District falsely represented or omitted facts that the District had a duty to disclose; (2) the District knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the District intended to induce Defendants to act or refrain from acting; (4) the Defendants acted in justifiable reliance on the representation; and (5) Defendants were injured by their reliance. *See Langdon v. Google*, 474 F. Supp.2d 622, 633 (D. Del. 2007). The circumstances constituting fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b); Del. Super. Ct. R. 9(b). Malice, intent, knowledge and other condition of mind of a person may be averred to generally. *See* Del. Super. Ct. R. 9(b).

Here, the Court concludes that Defendants have not met the heightened pleading standard applicable to their claim for fraud. Although Defendants allege that "[t]he District knew or

damages are not an available remedy under the IDEA"); *D.E. v. Cent. Dauphin Sch. Dist.*, 2009 WL 904960, at *4 (M.D. Pa. 2009) (same). Thus, exhaustion of administrative remedies is not required for the fraud claim. *See W.B. v. Matula,* 67 F.3d 484, 496 (3d Cir. 1995), *abrogated on other grounds by A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 806 (3d Cir. 2007) ("[W]here the relief sought in a civil action is *not* available in an IDEA administrative proceeding, recourse to such proceedings would be futile and exhaustion is excused.") (emphasis in original); *see also Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 870 (3d Cir. 1990) (determining exhaustion not required where relief sought was not available in IDEA administrative proceeding).

Although exhaustion of administrative remedies is not required for Count Three, Plaintiff asserts that this Count is nonetheless futile because Defendants fail to state a claim upon which relief can be granted. (D.I. 19 at 7) In order to plead a claim for common law fraud under Delaware law, Defendant must plead facts supporting an inference that: (1) the District falsely represented or omitted facts that the District had a duty to disclose; (2) the District knew or believed that the representation was false or made the representation with a reckless indifference to the truth; (3) the District intended to induce Defendants to act or refrain from acting; (4) the Defendants acted in justifiable reliance on the representation; and (5) Defendants were injured by their reliance. *See Langdon v. Google*, 474 F. Supp.2d 622, 633 (D. Del. 2007). The circumstances constituting fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b); Del. Super. Ct. R. 9(b). Malice, intent, knowledge and other condition of mind of a person may be averred to generally. *See* Del. Super. Ct. R. 9(b).

Here, the Court concludes that Defendants have not met the heightened pleading standard applicable to their claim for fraud. Although Defendants allege that "[t]he District knew or

should have known that [J.S.'s] reclassification is dubious," the Counterclaim does not adequately allege that the District officials had knowledge that J.S.'s reclassification was false or that they made this reclassification with reckless disregard for the truth. (D.I. 16 Ex. 1 at ¶ 93) Moreover, the Counterclaim does not allege that Defendants acted in justifiable reliance on the District's representations, as Defendants' own allegations state that they never agreed with J.S.'s IEP or the results of his evaluation. (D.I. 16 Ex. 1 at ¶¶ 18, 29) Thus, the Court concludes that Count Three of the Counterclaim would not survive a motion to dismiss and is, therefore, futile.

### B. **Prejudice**[1]

A motion for leave to amend under Rule 15(a) may be denied when "allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *See Magsil Corp. v. Seagate Tech.*, 2010 WL 2710472, at *2 (D. Del. July 7, 2010) (denying motion to amend answer to include counterclaim for fraud because "plaintiffs would likely be required to conduct additional discovery, . . . obtain an additional expert, and develop new legal strategies"). Here, if Defendants were permitted to add a counterclaim for fraud, Plaintiff would have to conduct additional discovery beyond what has already been produced and beyond what is feasible under the governing discovery time line. Additionally, Plaintiff would likely have to obtain additional expert analysis and develop new legal strategies relating to Defendants' new claim. Defendants' counterclaim for fraud would require Plaintiff to produce new evidence regarding the post-implementation appropriateness of

---

[1]The Court will only discuss prejudice with regard to the fraud claim because the Court has already determined that Defendants failed to exhaust administrative remedies, as is required under the IDEA, with respect to Count One and Count Two of the Counterclaim.

J.S.'s IEP, which is beyond the scope of issues contemplated by Defendants' initial answer and counterclaims. Therefore, allowing a counterclaim for fraud would significantly expand the scope of this case and would unfairly prejudice Plaintiff.

## IV. **CONCLUSION**

For the foregoing reasons, the Court concludes that Defendants' proposed amended answer is not appropriate under the circumstances. Defendants' motion for leave to amend pursuant to Fed. R. Civ. P. 15(a) (D.I. 87) is, therefore, denied. An appropriate order follows.